JEHU CHESSER, *Appellant,* v. DANIEL CHESSER, *Appellee.*

Opinion filed January 20, 1914.

Rehearing Denied February 18, 1914.

Where a bill is filed by the mortgagee against the mortgagor for the enforcement of a mortgage lien and the mortgagor files his answer under oath wherein he avers a total want of consideration for the promissory note executed by the mortgagor to the mortgagee, to secure the payment of which the mortgage was given, such averments being direct, positive and certain, the burden of proving the consideration is thereby

cast upon the complainant, and where the complainant fails to meet this burden, and the proofs adduced sustain the averments in the answer, a decree in favor of the complainant will be reversed. Even if the proofs show that the defendant executed the note and mortgage for the purpose of defrauding his creditors, that will not avail the complainant, who was a party to such fraud.

Appealed from Circuit Court for Alachua County; J. T. Wills, Judge.

Decree reversed.

*W. S. Broome,* for Appellant.

*F. W. Fielding,* for Appellee.

SHACKLEFORD, C. J.—The appellee filed his bill in chancery against the appellant and Charley Cason for the foreclosure of a mortgage alleged to have been executed by the appellant to the appellee upon certain described lands to secure the payment of a promissory note executed by the appellant to the order of the appellee for the sum of $500.00, and also for an injunction against the appellee and his co-defendant to prevent them from cutting and removing the timber growing on such lands, and for general relief. The appellant filed his answer under oath, although the same had been expressly waived, in which he admitted the execution of the note and mortgage, but averred a total want of consideration. A replication was filed to the answer and the cause was referred to an examiner to take and report the testimony which might be adduced by the respective parties. Upon the filing of the testimony so taken, the cause came on for a final hearing and a final decree was rendered in favor of the complainant against the de-

fendant Jehu Chesser, as to the foreclosure of the mortgage, but no injunction was granted and the bill was dismissed as to the defendant, Charley Cason. From this decree the appellant has entered his appeal and has assigned four errors, all of which question the correctness of the decree, and may be considered together.

Very concisely stated, the appellant avers in his answer that he was not indebted to the appellee in any sum and that the mortgage and note were executed without any consideration whatever. The appellant proceeds to set out at some length the facts and circumstances under which the note and mortgage were executed, which, in brief, are to the effect that the appellant had a nephew by the name of John Chesser, who was engaged in the mercantile business prior to and at the time that the note and mortgage were executed, who had become largely indebted to various mercantile firms, who had instituted actions against him and the appellant as co-partners, though in truth and in fact no such co-partnership had ever existed; that the appellant became alarmed over the bringing of such actions and, never having had any experience in litigation and being an ignorant man, he went to a certain justice of the peace for counsel, who advised him to execute a note and mortgage to some one in whom he had confidence; that the appellant then went to the appellee, who is his brother and who advised the appellant to make the note and mortgage to him, the appellee, which the appellant did, there being no consideration therefor whatever. The averments in the answer as to the want of the consideration are direct, positive and certain, so that the burden of proving the consideration was thereby cast upon the complainant. Mayo v. Hughes, 51 Fla. 495, 40 South. Rep. 499. We have subjected all the testimony to a care-

ful examination and are of the opinion that the complainant failed to sustain this burden. In fact, we think the proofs adduced sustain the averments in the answer. It is contended by the appellee that this cannot avail the appellant by reason of the fact that he executed the note and mortgage for the purpose of defrauding his creditors. To this contention we cannot agree. As was held in Wearse v. Peirce, 24 Pick. (Mass.) 141:

"In an action brought by the administrator of a mortgagee against the mortgagor to recover possession of land mortgaged to secure the payment of a promissory note, it is a good defence that the note was given without consideration; and the demandant cannot rebut such defence, either by direct evidence showing that the note was also given with a view to defraud the creditors of the mortgagor, or by arguing to the jury, from other evidence in the case, that it was so given."

As was said by Chief Justice SHAW in the opinion: "The general policy is, in *pari delicto potior est conditio defendentis*. If there was an intent to defraud creditors, it was an intent common to both parties, affecting as well the plaintiff's intestate as the defendant. It is the plaintiff who is the actor and is seeking to enforce the payment of these notes." Also see to the same effect, Hannan v. Hannan, 123 Mass. 441, 25 Amer. Rep. 121; Briggs v. Langford, 107 N. Y. 680, 14 N. E. Rep. 502. The principle also finds support in Devlin v. Quigg, 44 Minn. 534, 47 N. W. Rep. 258, 10 L. R. A. 665, 20 Amer. St. Rep. 592; Moffett v. Parker, 71 Minn. 139, 73 N. W. Rep. 850; Sackner v. Sackner, 39 Mich. 39. This principle has also been recognized by this court in Kahn v. Wilkins, 36 Fla. 428, 18 South. Rep. 584.

The decree is reversed with directions to dismiss the bill.

TAYLOR, COCKRELL, HOCKER, AND WHITFIELD, J. J., concur.