THE ADAM BREWING COMPANY, *Appellant*, v. CORNELIUS P. BOWMAN, ET. AL., *Appellees.*

Division B.

Opinion Filed August 3, 1926.

1. A creditor's bill may not be maintained in this State unless there is a suit at law pending.

2. No suit at law is pending if it appears that no service of process has been had and it also appears that no service of process can be had.

An Appeal from the Circuit Court for Manatee County; W. T. Harrison, Judge.

Affirmed.

*T. M. Shackleford, Jr., Otto Pfleger* and *Colon Scott,* for Appellant;

*Mabry, Reaves & Carlton,* for Appellees.

PER CURIAM.—The appellant was complainant in the Court below and filed its bill in Chancery on the 17th day of February, 1919, seeking to have certain lands decreed to be held in trust by the defendant, the Southern Realty Corporation, for the benefit of the complainant as a creditor of Cornelius P. Bowman, John H. Bowman, and others. The lands were conveyed in 1913 before most of the indebtedness became due.

Complainant alleged that it was the owner and holder of a judgment rendered in the Superior Court of Cincinnati, Ohio. The record shows that the suit in Ohio was filed the 25th day of January, 1916; judgment was rendered on the 15th day of January, 1919. The complainant alleged in its bill that it had filed a suit in the Circuit Court of Manatee County based upon its Ohio judgment. It appeared, however, that it was impossible to get service on the defendant in the law action.

Service was attempted to be had upon the defendants in this suit by publication and after publication of notice a decree pro confesso was entered against each of the defendants on March 21, 1921. On the 25th day of January, 1925, the defendant, The Southern Realty Corporation, entered its Special appearance for the purpose of filing a motion to quash upon the ground that jurisdiction of that defendant had not been acquired and could not be acquired by constructive service. Upon the motion coming on to be heard before the Chancellor, the following order was made:

"The foregoing cause coming on to be heard upon Special appearance and motion to quash service and the same having been argued by counsel for the respective parties and

duly considered by the Court, it is ordered that said motion be granted.

"And it further appearing to the Court that process has not been served in the action at law which was filed several years ago; and it appearing by the Statutes of Florida that no creditor's bill shall be filed unless there is suit pending at law (10080-362). The Court therefore being of the opinion that the rule laid down in the U. S. Supreme Court and other courts that such bills may be maintained when by non-residence of defendants it is impossible to obtain a judgment at law, is not applicable in Florida because of the Statute above referred to and decisions of Fla. Supreme Court.

It is therefore further ordered that the bill of complaint be and is hereby dismissed at cost of Complainant.

Done and ordered at Chambers this 25th day of July, A. D. 1925."

From this order appeal was entered.

It will be observed that the order was made on the 25th day of July, 1925, which was more than four years after the entry of the decree pro confesso.

An inspection of the record discloses that the motion to quash the attempted service on the defendant, The Southern Realty Corporation, was well founded and should have been granted.

It further appears from the record that the cause had been pending for a period of more than three years and that the suit could not be successfully maintained. For this reason it was proper for the Chancellor to enter an order dismissing the bill and thereby finally disposing of the matter.

The order of the Chancellor is affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur;

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.