P. H. A. BALSLEY, *Appellant*, v. UNION CYPRESS COMPANY, A CORPORATION, *Appellee.*

En Banc.

Opinion Filed September 22, 1926.

1. A judgment creditor has the right to treat an attempted transfer of property to which the judgment debtor had the legal title as a nullity and to sell the property under execution, as though no transfer by connivance, but the existence of such remedy at law does not interfere with the right to resort to a court of equity for the vacation of the fraudulent conveyance as an obstacle in the way of full enforcement of the judgment, and to remove a cloud on the title to the property, fraud being one of the recognized subjects and most ancient foundation for equity jurisdiction.

2. Where a judgment creditor seeks by bill in equity to set aside an alleged fraudulent conveyance and subject the property therein attempted to be conveyed to his judgment, if the judgment debtor had only an equitable title to such property it is necessary to exhaust the legal remedies and have a return *nulla bona* upon execution, before filing such bill in equity, but it is otherwise where the judgment debtor had legal title and fraudulently conveyed the same.

3. If the grantee in an alleged fraudulent conveyance was a creditor of the debtor grantor to the full value of the property conveyed such fact would be in the nature of a defense to a bill seeking to annul such deed which it would not be necessary to anticipate and negative in the bill.

Affirmed.

*John D. Shepard* and *J. H. Wahl,* for Appellant;

*Landis, Fish & Hull,* for Appellee.

KOONCE, Circuit Judge.—Appellee commenced action at law against C. S. Balsley and C. F. Gran, co-partners, in the Circuit Court of Brevard County on November 11, 1921. On the same day, ancillary to such suit, a writ of attachment was obtained and a levy made upon certain real estate appearing on the records in the name of the defendant C. S. Balsley, also on same day a notice of lis pendens was filed in the said court reciting that such suit had been commenced and attachment levied upon the described real estate. The case proceeded to final judgment.

On the 15th day of November, 1921, there was filed and recorded in the office of the Clerk of the Circuit Court for Brevard County two deeds of conveyance to the appellant, P. H. A .Balsley, which deeds appear to have been signed by C. S. Balsley and his wife and which purported to convey the property levied upon under the writ of attachment, and mentioned in the notice of lis pendens and other property; these deeds bear date of November 4th, and appear to have been acknowledged November 10th, 1921.

On May 15th, 1922, appellee filed in the Circuit Court of Brevard County its creditors' bill against C. S. Balsley and wife, Helen G. Balsley, and the appellant, P. H. A. Balsley, alleging the facts above stated, and further alleging that the deeds were a fraud upon the rights of the complainant; that the defendant C. S. Balsley was insolvent; that the defendant P. H. A. Balsley, who was the father of the defendant C. S. Balsley, took said deeds with full notice of attachment, and with knowledge of the insolvency of the said C. S. Balsley; that there was no consideration in fact for the said conveyances, and that said deeds were made by collusion of the parties and intended to delay, embarrass and hinder the creditors of C. S. Balsley in the collection of their claims, that said deeds attempted to convey substantially all of the property of said C. S. Balsley.

The bill prayed for a decree annulling the conveyances,

and subject the property to the judgment of the complainant, and for other relief.

The bill was amended to show that the defendants had appeared in the action at law.

To the amended bill of complaint the defendants filed demurrers, which upon being heard were overruled by the Circuit Judge. It is from the ruling of the Circuit Court upon these demurrers this cause is now before this court.

Only three of the eight grounds of demurrer have been presented by this appeal, *viz*:

1. The bill shows affirmatively that the appellee, complainant below, had a clear and adequate remedy at law which he has not pursued, but which so far as the bill shows is still available to him, in that he alleges that an attachment was had upon property worth thousands of dollars and notice of lis pendens duly·filed and recorded.

2. The bill shows that a common law judgment against the defendants had been obtained in Brevard County, and was of record several months before the creditors' bill was filed. The bill fails to show that an execution was issued on said judgment and returned *nulla bona* before the creditors' bill was filed. The plaintiff in the common law action being a judgment creditor, that was necessary.

3. The bill of complaint fails to allege that the defendant, appellant here, was not a bona fide creditor of C. S. Balsley.

It must be conceded that a judgment creditor has the right to treat an attempted transfer of property to which the judgment debtor had the legal title as a nullity and to sell the property so conveyed under execution, as though no transfer by connivance had been made, but the existence of such remedy at law does not interfere with the right to resort to a court of equity for the vacation of the fraudulent conveyance as an obstacle in the way of the

full enforcement of the judgment, and to remove a cloud on the title to the property, fraud being one of the recognized subjects and most ancient foundation for equity jurisdiction. See Logan v. Logan, 22 Fla. 561, and authorities there cited.

But, it is earnestly insisted by appellant, the Logan case does not apply for the reason that there was no adequate remedy at law in that case. A careful reading of the case, however, discloses that the court did recognize a remedy at law available to the complainant, and after stating such remedy, said: ''Yet the fraud alleged in the bill gave him a concurrent right to come into a court of equity.''

Appellant also insists that the case of Neubert v. Massman, 37 Fla. 91, 19 South. Rep. 625, states the law to be that is is necessary to show that an execution has issued on the judgment and a return *nulla bona* made before a creditor's bill may be filed. Counsel appear to have overlooked the distinction made in that case between equitable title and legal title of the judgment debtor. This distinction is the very gist of the cause now before the court.

In the case of Holly v. Gainesville Nat. Bank, 80 Fla. 523, 86 South. Rep. 444, which appellant also cites, it is to be observed that the property sought to be reached by the creditor's bill was not the legal estate of the defendant, but at most the equitable estate. In the Holly v. Gainesville National Bank case, *supra,* Judge ELLIS in giving his opinion very clearly pointed out the distinction that it was an equitable and not a legal title. He also made plain that in the Neubert-Massman case the controversy was over an equitable title. Both these cases refer to Robinson v. Springfield Co., 21 Fla. 203, and Richardson v. Gilbert, 21 Fla. 544. In the Richardson-Gilbert case the court referred to the property as ''an equitable asset.'' In the Robinson-Springfield Company case Justice RANEY, after

a very elaborate discussion of the entire case, said: "As to all the real estate of which the *legal* title has been in Robinson, we think the bill sufficient; as to such as the title of has not been in him but was conveyed directly to Mrs. Robinson, we do not think the bill shows a sufficient exhaustion of legal remedies." In view of the very full and complete discussion of the subject in the cases cited it would seem a needless employ of words to here restate the principles and reasons upon which those conclusions were reached. It may, therefore, be briefly stated that where a judgment creditor seeks by a bill in equity to set aside an alleged fraudulent conveyance and subject the property therein attempted to be conveyed to his judgment, if the judgment debtor had only an equitable title to such property it is necessary to exhaust the legal remedies and have a return of *nulla bona* upon execution, before filing such bill in equity; but it is otherwise where the judgment debtor had legal title and fraudulently conveyed the same.

As to the third ground of demurrer insisted upon by this appeal. The bill of complaint does allege that there was no legal or binding consideration for the conveyance sought to be annulled. If it be a fact that the grantee of an alleged fraudulent conveyance was a creditor of the debtor grantor to the full value of the property conveyed, such fact would be in the nature of a defense to a bill seeking to annul such deed which it is not necessary to anticipate and negative in the bill.

The judgment of the Circuit Court is affirmed.

PER CURIAM.—The record in this case having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the order of the Court below overruling the

general and special demurrer in this cause should be, and the same is hereby, affirmed.

BROWN, C. J., AND WHITFIELD, ELLIS, TERRELL, STRUM AND BUFORD, J. J., concur.