PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered, and decreed by the Court that the decree of the court below should be, and the same is hereby, reversed and the cause is remanded with directions that a decree be entered for the complainant in accordance with the views expressed in the opinion.

STRUM, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND BUFORD, J.J., concur.

GEORGE E. SEBRING COMPANY, et al, *Appellants,* v. J. C. O'ROURKE, et al., *Appellees.*

Opinion filed February 13, 1931.

*Haskins, Gregory & Gordon,* for Appellants;
*Davis & Pepper,* for Appellees.

894

896

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered, and decreed by the Court that the order of the court below should be, and the same is hereby reversed.

STRUM, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND BUFORD, J.J., concur.

### EXPLANATORY SUPPLEMENT

PER CURIAM.—Since the above opinion was filed there have been raised at least two questions, that may deserve clarification, as to its proper interpretation: (1) that the opinion is too restricted in its statements as to the proper application and intent of a "creditor's bill"; (2) that under the opinion the property rights of purchasers and mortgagees from debtors without notice, would go unprotected if the property so transferred to them by debtor could be seized under an execution at law.

In order to properly interpret judicial language such

interpretation must be limited to the case before the court.

Reverting to the first question,—It is clear that section 5035, C. G. L., does not attempt to define, nor change the purpose and scope of what is termed a "creditor's bill". It merely provides when it may be filed and under what condition a decree may be entered thereon. The nature, purpose and scope of a creditor's bill is to bring into exercise the equitable powers of chancery to enforce the satisfaction of a judgment by the additional means of an equitable execution *not available at law*. See Armour Fertilizer Works v. First National Bank, 87 Fla. 636, 100 So. 362; Scott v. Neely, 140 N. S. 106, 11 Sup. Ct. Rep. 712; 8 R. C. L. 2, 4 and 6. When a creditor's bill makes no reference to any property that could be properly classed as equitable assets or interest of debtor it does not state a cause for equitable relief. There is provided a specific remedy at law by statute for all judgment creditors where judgment debtor "had title" to property subject to an execution at law. Secs. 4509, 4529, 4540-4549.

At the present time all questions on this subject have been removed in most states by the passage of statutes granting equity jurisdiction in such cases, and the general rule is that in those jurisdictions where proceedings supplementary to execution are authorized by statute, as do sections 4540-4549, C. G. L., 1927, such supplementary proceedings are regarded as a substitute for the creditor's bill of the chancery practice as they afford a more expeditious and appropriate remedy to reach the concealed assets of the debtor than a bill in chancery and may be so far considered as practically an exclusive remedy except where it does not furnish adequate remedy. 8 R. C. L. 4 and 5, and cases there cited.

The bill of complaint in this suit prays that the deeds

made to the Highlands Securities Corporation and the mortgages made to the Lake Jackson Company and the Penn-Florida Cattle Company by George E. Sebring Company be vacated and set aside as fraudulent. The bill alleges that since the George E. Sebring Company delivered the said notes and mortgages to complainants that it executed said deeds and mortgages to third parties. The debtor therefore had "legal" title to the lands mortgaged and deeded and not a mere "equitable" title or interest. It appears to be well settled that property in which a debtor has only an "equitable estate or interest", the legal title to which is in another, may be reached by creditor's bill and applied to the payment of his debt; also, that where an equity of redemption in the debtor may be reached by an execution (as by sec. 4509 C. G. L.) a creditor's bill will not lie to subject it to the payment of a judgment. Sec. 8 R. C. L. pages 5, 6 and 11; and leading cases there cited.

If the bill in this suit was also brought in view of the provisions of section 5771 C. G. L.—the provisions of which statute are merely restatements or adoption of the statute, 13th Elizabeth, protecting creditors and others from fraudulent conveyances—it should be construed liberally in favor of the class of person designed to be protected from fraud. Gibson v. Love, 4 Fla. 217. While this statute is rather broad and includes lands, tenements, hereditaments, goods and chattels, or any lien, rent, commission or any profit arising therefrom, it wholly omits equitable assets or interests. So long as the debtor possesses his property the courts are on broader grounds in giving creditors relief, but when the debtor has passed the title to his property to some one else, then the courts, in order to aid the creditors in realization, must follow the

terms of the statute, which varies only slightly from the Common Law. See Glenn on Creditor's Rights and Remedies, secs. 89-98.

So far as the present suit is concerned there is no allegation nor prayer in the bill that any equitable assets or interest of debtor is undertaken to be reached by this suit; in fact, the only properties alleged to have been fraudulently conveyed are those to which debtor had "legal title" at the time complainants took their notes and the mortgage securing them, to reach which, there is adequate remedy at law.

Reverting to the second point raised—it is stated that the construction placed upon sections 5035 and 5771, C. G. L., in the above opinion, would deprive innocent purchasers from debtors of any protection, if their property could be seized under an execution at law.

It will be noted that in the proviso in said section 5771, C.G.L., it is provided that it shall not extend to any estate or interest in land or chattels which shall be conveyed if such property is conveyed "upon good consideration and bona fide" to any person not having at the time of such conveyance to them any manner of notice or knowledge of such covin, fraud or collusion, as therein designated—anything in said section to the contrary notwithstanding.

While the statute describes the transfer as void, in reality it does no more than confer a course of action upon the creditor. It would follow that the creditor may if he chooses affirm the transaction in a given case which would end the matter and he cannot afterwards bring a suit to set it aside. Such a conveyance is not, as has sometimes been supposed, utterly void, but merely voidable at the

instance of creditors proceeding in the method provided by law. Glenn on Creditor's Rights and Remedies, Sec. 82.

For example, the mortgagee cannot enforce a mortgage executed without consideration and with intent to defraud creditors when the mortgagee is a party to the fraud (Chesser v. Chesser, 67 Fla. 6, 64 So. 357) though a deed founded upon nominal consideration is not absolutely fraudulent per se, but affords "prima facie" evidence of fraud. Russ vs. Blackshear, 88 Fla. 573, 102 So. 749. The statute provides that a conveyance shall be void as against creditors, present or subsequent, when made with intent to hinder, delay or defraud them, unless the party receiving the property from the debtor received it in good faith and for a consideration. The statute thus contemplates an inquiry in each case as to the debtor's intent first and then as to the presence of certain facts which may affect the position of the transferee, and if the conveyance is made without consideration, then it is not necessary to consider the transferee's position as the proviso in the statute protects him only when in good faith he has purchased. Glenn on Creditor's Rights and Remedies, sec. 110 and 131.

In the case of Balsley v. Union Cypress Co., 92 Fla. 706, 110 So. 263, that

"If the grantee in an alleged fraudulent conveyance was a creditor of the debtor grantor to the full value of the property conveyed such fact would be in the nature of a defense to a bill seeking to annul such deed which it would not be necessary to anticipate and negative in the bill."

The case stands reversed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.