Coconut Grove Exchange Bank, a banking corporation created and existing under the laws of the State of Florida, formerly Coconut Grove Bank, a Florida banking corporation, and also formerly Coconut Grove Bank & Trust Company, a Florida banking corporation, *Appellants*, vs. Fleming Novelty Works, a Florida corporation, T. J. Aycock, and Binswanger & Company, a Tennessee corporation but duly authorized to transact business in the State of Florida, *Appellees*.

144 So. 337.

Opinion filed October 8, 1932.

Petition for rehearing denied November 10, 1932.

2

*Baum & Baum,* of Miami, for Appellant;
*Patterson & Knight,* of Miami, for T. J. Aycock, Appellee.

MATHEWS, Commissioner.—On August 12th, 1930, appellant filed its bill of complaint in the Circuit Court of Dade County to foreclose two chattel mortgages made by Fleming Novelty Works, a corporation. The bill of complaint, after alleging that appellant was the owner and holder of a $3000.00 note on which there was a balance due of $1750.00 and after describing the first mortgage executed to secure the payment of same, alleges that Fleming Novelty Works was, on the 20th day of August, 1929, indebted to Beverly Peacock in the sum of $6540.00 and to evidence such indebtedness executed to him its promissory note and secured the same by a second mortgage on the machinery, fixtures and personal property covered by the first mortgage. The note secured by the second mortgage was an installment note, the first installment thereof of $2000.00 being due five months after date, that is, January 20th, 1930; that on the 22nd day of January, 1930, Beverly Peacock transferred and assigned the second mortgage and installment note to James P. Hansen; that thereafter, on the 15th day of July, 1930, James P. Hansen assigned the installment note and second mortgage to plaintiff.

The bill further alleges that on the 25th day of July, 1930, the defendant T. J. Aycock, having procured in the Civil Court of Record of Dade County, Florida, a judgment against Fleming Novelty Works, caused the same to be recorded in the office of the Clerk of the Circuit Court of Dade County, Florida, and execution to be is-

sued thereon; that Fleming Novelty Works is indebted to the appellant in the principal sum of $1750.00, with interest, under the first mortgage, and in the principal sum of $6540.00, with interest, upon the second mortgage; that the property covered by the mortgages is insufficient to pay the indebtedness owing to the appellant; and that the mortgaged property would not, at public or private sale, sell for an amount sufficient to pay the mortgages; that Fleming Novelty Works is insolvent and has closed down its business; that a Receiver should be appointed to take charge of and manage the effects of Fleming Novelty Works; that the judgment creditors of Fleming Novelty Works have instructed the Sheriff of Dade County, Florida, to seize and levy on the property covered by the mortgages. An injunction is prayed against the defendant T. J. Aycock and others restraining them from levying on or otherwise interfering with the mortgaged property.

The defendant T. J. Aycock filed his answer, in which he denied that Fleming Novelty Works was indebted to Beverly Peacock or that there was any consideration for the second mortgage or for the transfers from Peacock to Hansen or from Hansen to appellant and averred that the second mortgage and note and assignments thereof were made with the intent to hinder, delay or defraud defendant Aycock and other creditors of Fleming Novelty Works.

Testimony was taken, and the Master found that the second mortgage and installment note and the assignments thereof were based on a valuable consideration and were each and all given and accepted in good faith and without the intent of hindering, delaying or defrauding the defendant Aycock or other creditors of Fleming Novelty Works.

Defendant Aycock filed exceptions to the Master's

findings, and the court below, upon a review of the evidence, found that there was no consideration for the second mortgage and installment note and that the assignees thereof did not receive the same bona fide upon good consideration and without notice and accordingly made an order sustaining the exceptions filed by the defendant Aycock which questioned the correctness of the Master's findings as to the validity of the second mortgage and note and the bona fides of the assignments thereof. From the order sustaining these exceptions, plaintiff appealed.

There is practically no conflict in the evidence. It appears from the bill that the mortgagee, Beverly Peacock, was Secretary of the mortgagor corporation, and as such Secretary signed the installment note and second mortgage; that the installment note was in arrears when assigned; that the mortgagor was insolvent when the bill was filed and had closed down its business and executions were about to be levied upon the property owned by the mortgagor.

It appears from the evidence that Fleming Novelty Works was being pressed by creditors when the second mortgage was made; that it then owed $23,000.00 not including the second mortgage obligation; that the real estate of the mortgagor was of small value in comparison to its debts, and the property covered by the chattel mortgages (which included practically all the personal estate of the mortgagor) was not worth the mortgage debts. The auditor's report covering period from July 17th, 1926, to October 31st, 1929, showed a deficit in operation of Fleming Novelty Works of over $15,000.00—this report showed no indebtedness by Fleming Novelty Works to Beverly Peacock or to Peacock-Rice Company. That the accounts between Fleming Novelty Works and Peacock-Rice Company were, on June 29th, 1929, less

than two months before the second mortgage was executed, balanced. According to the mortgagee's testimony, the consideration of the second mortgage was a debt which the mortgagee had advanced to Mr. J. D. Fleming, of the Fleming Novelty Works, and a debt owing by the mortgagor to Peacock-Rice Company which the mortgagee assumed. There appears no assignment of any claim of Peacock-Rice Company to the mortgagee or payment of same. There is no proof that Peacock actually paid any debt to Peacock-Rice Company. There is no satisfactory proof that a debt existed or that Fleming Novelty Works owed Peacock-Rice Company or Peacock any sum whatever.

The consideration for the assignment from Peacock to Hansen was a lot, of little or no value, a mere nominal consideration. It is undisputed that plaintiff bank did not pay anything to Hansen for the assignment to it, nor did Hansen receive any consideration for such assignment, nor did he suffer any detriment.

A conveyance is void as to creditors, present or subsequent, when made with intent to hinder, delay or defraud them, unless the party receiving the property from debtor received it in good faith and for valuable consideration; the proviso in the statute protects him only when he has purchased in good faith. Section 5771 (3864) Compiled General Laws of 1927; Sebring Co. vs. O'Rourke, 101 Fla. 885, 134 So. 556.

No person can be a bona fide holder of a promissory note executed by an officer in the name of the corporation, and payable to the officer executing it, as an individual. Where an officer of the corporation makes its commercial paper payable to his own order, signs it as such officer, and transfers it in payment of an individual debt, it is held that the transferee is not a bona fide purchaser thereof without notice, since the facts appearing on the face of

the paper are sufficient to put him on inquiry as to its ownership. 3 R. C. L. 1085.

And it is an elementary principle of commercial law that negotiable paper which is over due carries with it on its very face notice of infirmities and defects. The fact that the instrument is dishonored is sufficient to put the purchaser upon inquiry. 3 R. C. L. 1080.

A conveyance for a consideration merely nominal will be considered voluntary as against attacking creditors. McKeown vs. Allen, 37 Fla. 490, 20 So. 556.

Upon a review of the evidence, we have concluded that the court below was correct in finding that there was no consideration for the installment note and second mortgage, and that the assignees did not take the assignments in good faith, for a valuable consideration, without notice.

The order sustaining exceptions to the Master's findings is affirmed.

PER CURIAM.—The record in this cause having been considered by the court, and the foregoing opinion, prepared under chapter 14553, Acts of 1929 (Extra Session), adopted by the court as its opinion, it is considered, ordered and decreed by the court that the order of the court below should be, and the same is hereby affirmed.

BUFORD, C.J., AND WHITFIELD, TERRELL, BROWN AND DAVIS, J.J., concur.