E. H. L. PAGE PROPERTIES, INC., and BESSE REITZ, *a single* woman, v. PINELLAS GROVES, INCORPORATED.

164 So. 543.
Opinion Filed September 21, 1935.
Rehearing Denied December 23, 1935.

700

*Philip C. Gorman,* for Appellants;

No appearance for Appellee.

BUFORD, J.—The appeal in this case is from an order overruling motion to dismiss bill of complaint.

The bill alleges in effect that on June 25, 1926, E. H. L. Page Properties, Inc., was indebted to Pinellas Groves Incorporated, in the sum of $55,000.00 and executed eight promissory notes, each in the sum of $6,875.00, maturing one at the end of each six months thereafter on the second day of each succeeding month of April and October; that the first five notes maturing were either paid or canceled, leaving three notes unpaid aggregating $20,625.00; that those notes matured and being unpaid, foreclosure proceedings were instituted by Pinellas Groves, Incorporated, against E. H. L. Page Properties, Inc., to foreclose the mortgage executed to secure the notes; that the mortgage created a lien on numerous parcels of real estate in Lake County, Florida, which real estate was specifically described in the bill; that a small portion of the real estate embraced in the mortgage had been released under the provisions of a clause contained in the mortgage.

It is further alleged that the lands securing the indebtedness are insufficient and inadequate to pay the plaintiff

the amount due on the notes, together with costs and expenses of foreclosure and accrued taxes. That it will, therefore, be necessary for plaintiff to rely on a deficiency judgment in said foreclosure in order to collect a large amount of the sum due and that plaintiff expects and will recover a considerable deficiency judgment.

It is further alleged that E. H. L. Page Properties, Inc., is utterly insolvent and has no property out of which claim, demand or judgment of the plaintiff can be collected except a certain note and real estate mortgage described in this bill of complaint. That on August 14, 1933, Universal Religious Foundation, Inc., executed and delivered to E. H. L. Page Properties, Inc., its promissory note in the amount of $75,000.00, maturing within five years and executed to E. H. L. Page Properties, Inc., its mortgage covering certain lands in Lake County, Florida. That the mortgage was recorded on September 8th, 1934.

It is apparent that the mortgage did not create a lien on any of the lands described in the mortgage from E. H. L. Page Properties, Inc., to Pinellas Groves, Incorporated.

It is further alleged that on March 15, 1935, after filing of foreclosure suit by Pinellas Groves, Incorporated, against E. H. L. Page Properties, Inc., E. H. L. Page Properties, Inc., assigned the mortgage theretofore executed to it by Universal Religious Foundation, Inc., to Besse Reitz and it is alleged that the assignment of mortgage was not made or had upon good consideration, or was bona fide, but was made, had, executed and contrived of fraud, collusion and guile to the end, purpose and intent to delay, hinder and defraud Pinellas Groves, Incorporated, in the enforcement and collection of its just claim and demand against E. H. L. Page Properties, Inc.

The bill prays that assignment of the mortgage referred

to be decreed to be fraudulent and void and that pending the final hearing defendants be enjoined and restrained from assigning and transferring the note and mortgage executed by the Universal Religious Foundation, Inc., to E. H. L. Page Properties, Inc., and which had been assigned to the said Besse Reitz.

It will be observed that there is no allegation that judgment had been obtained by complainant against the defendant, nor is there any allegation that complainant had filed, or that there was then pending, any suit at law to enforce the claim of the complainant against the defendant.

Section 3229 R. G. S., 5035 C. G. L., is as follows:

"A creditors' bill may be filed in the courts of this State having Chancery jurisdiction, before the claims of indebtedness of the persons filing the same shall have been reduced to judgment, but no such bill shall be entertained by such court, unless the complainants therein shall have first instituted suits in the proper courts at law for the collection of their claims; and no final decree shall be entered upon such creditors' bill until such claims shall have been reduced to judgment."

The instant bill was clearly a creditors' bill and, if maintainable, must come within the purview of the above quoted section.

This statute and other kindred statutes were reviewed and construed by this court in the opinion in the case of George E. Sebring Co., *et al.,* v. J. C. O'Rourke, *et al.,* 101 Fla. 885, 134 Sou. 556. It is not needful for us now to add to what was said in that opinion, as it will be seen from the statement of that case as contained in the published opinion and the foregoing statement of the allegations of the bill in this case that the result in this case is to be governed by the laws enunciated here.

In this case the bill of complaint did not allege the existence of essential facts, that is that a suit at law had been instituted or that a judgment had been obtained by the complainant against the defendant at the time the bill of complaint was filed and, therefore, the motion to dismiss should have been granted.

The order appealed from must be reversed on authority of the above cited opinion.

It is so ordered.

Reversed.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.