JOHNSON, Judge.
This is an appeal from a final decree dismissing the amended complaint of the appellant, plaintiff below, after a motion to dismiss had been granted with leave to amend and no amendment filed pursuant thereto.
The complaint, as amended, alleged that the plaintiff was a creditor, as the term “creditor” is commonly understood and used in Florida Statutes § 726.01, F.S.A. and that was such a creditor of the ap-pellees herein, defendants below.
As viewed from the record, the defendants James D. Wallace and Lenell V. Wallace, had executed and/or assigned certain notes to appellant as security for indebtedness of a corporation owned by the Wallaces, known as The J. D. Wallace Company. Also, the Wallaces had given a mortgage on certain personally owned real estate, to secure one note of $15,000.00, and in addition thereto had given the appellant a general guaranty agreement, guaranteeing any and all indebtedness accrued or to accrue in favor of appellant and against the said J. D. Wallace Company.
The J. D. Wallace Company defaulted in payments due appellant and action was instituted against The J. D. Wallace Company, James D. Wallace and Lenell V. Wallace, his wife, and a number of other parties alleged to have some interest in the properties purported to be foreclosed against under said suit, said suit being filed May 12, 1966. Inter alia, this complaint, in addition to foreclosing against certain personal property of The J. D. Wallace Company, also purported to foreclose a mortgage given by the defendants, James D. Wallace and Lenell V. Wallace, his wife, as security for a certain portion of the indebtedness to appellant, and in addition thereto, also sought deficiency judgments against the said James D. Wallace and Lenell V. Wallace.
On September 14, 1966, the amended complaint in the present suit was filed, and service had on the defendants’ counsel on September 16, 1966. In this complaint, it is alleged that the plaintiff-appellant herein, was a creditor of the defendants James D. Wallace and Lenell V. Wallace, cites the pendency of the foreclosure suit against The J. D. Wallace Company and these appellees, and the nature of said first mentioned suit, and charges that the said James D. and Lenell V. Wallace had violated the provisions of Section 726.01, Florida Statutes, F.S.A., by conveying certain described real estate to one Ruby Faye Ward, one of the appellees here, who was a sister of James D. Wallace, and that said conveyances were fraudulent, without adequate consideration and for the purpose of hindering and defrauding the plaintiff of its just and lawful actions etc. It is also alleged that the plaintiff’s *457 claims were mature and suit pending when the conveyances to the appellee Ward were made. The prayer in this complaint is that the conveyances complained of be held void and that the deeds to appellee Ward he set aside and title restored to James D. Wallace and/or Lenell V. Wallace. There is no prayer in this suit that the property in question he impressed with any lien or claim in the appellant.
To this amended complaint the defendants James D. Wallace and Lenell V. Wallace filed their Motions to Dismiss inter alia on the ground that the complaint does not allege that the “plaintiff is the holder of a judgment or any liquidated debt due to the plaintiff from the defendants, James D. Wallace and Lenell V. Wallace.”
The trial court granted this motion, citing in his Order his findings and the basis therefor which we believe, and so hold, to be sound and correct law. We cite the trial court’s findings in full inasmuch as it correctly states our conclusion in as good language as we could, as follows:
“That Section 62.37, Florida Statutes [F.S.A.], permits the filing of a creditors’ bill prior to the entry of judgment. The statute was carefully considered in the case of George E. Sebring Company v. O’Rourke [101 Fla. 885], 134 So. 556. The facts are not dissimilar to those in this case. The primary distinction being that the creditor seeking to set aside a deed of conveyance held mortgage on real estate. Here the mortgages and/or pledge involve chattels, real and personal property, as well as perhaps choses in action. In the O’Rourke case the Court held as follows :
‘We reach the conclusion that before a bill can legally be filed and entertained to set aside conveyances of property, “legal title” to which had been in debtor, and especially where such creditors’ claim is based upon notes secured by a mortgage in their favor on lands other than that alleged to have been fraudulently conveyed, it is necessary for the creditor to show a judgment at law or its equivalent “creating a lien on such real estate.” For all that may appear in this case to the contrary, the lands upon which the creditors hold a first lien together with the lands to which debtor still holds the “equity of redemption” may be ample to satisfy any judgment on the notes in case of a suit at law or a deficiency decree entered in a foreclosure in equity.’ ” (P. 560).
Fraudulent conveyances under Section 726.01 are made void ab initio, and therefore, if the issue is that of a fraudulent conveyance, a creditor’s bill such as this one must be construed to be, regardless of what it may be styled, is not the proper course to follow. We therefore conclude and so hold that the trial court was not in error in granting the motion to dismiss or in entering its final decree of dismissal after failure to amend.
We cannot agree with the contention of counsel for appellant, as set forth in his brief, that the courts have created a mass confusion on the question involved here, and that the Florida courts should retrench and unravel the “court-made cobwebs” now circumscribing suits to set aside a fraudulent conveyance. We think the statutes are clear and unambiguous and when followed as suggested by the result found and determined by the lower court in this case, equitable injustice will be avoided.
For the reasons stated the judgment appealed from is
Affirmed.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.