327 So.2d 793 (1976)
David CHAYKIN, Appellant,
v.
Joan KANT et al., Appellees.
No. 74-1332.
District Court of Appeal of Florida, Third District.
February 3, 1976.
Rehearing Denied March 3, 1976.
*794 Horton, Perse & Ginsberg, Hansford D. Tyler, Jr., and David D. Phillips, Miami, for appellant.
Cushman & Cushman, Miami, Robert W. Rust, U.S. Atty., Mary-Ella Johnson, Asst. U.S. Atty., Barry Kutun, Coal Gables, for appellees.
Before PEARSON, HENDRY and NATHAN, JJ.
PER CURIAM.
David Chaykin, plaintiff in the trial court, brought suit against Jon R. Kant and Terry A. Kant, the heirs of Samuel J. Kant, deceased, to foreclose a mortgage secured by a note in the sum of $50,000 given by the deceased on his home. The United States government was joined as a party defendant by virtue of an Internal Revenue tax lien which was filed against Samuel J. Kant.
Jon and Terry Kant defended the suit by alleging, in essence, that the note and mortgage were given to Chaykin by the deceased for the purpose of eliminating a possible Internal Revenue tax lien against Kant and thereby protecting his home from a forced sale. The mortgage was recorded. Defendants admit execution of the mortgage and note, but contend failure of consideration in that, as a part of a scheme or device to defeat the potential tax lien, Kant did execute the note and mortgage to Chaykin and at the same time, gave Chaykin $50,000 in cash. Chaykin, in return, gave Kant a check for $50,000 and a satisfaction of mortgage, prepared by Kant's lawyer, to hold until Kant desired to record it. Jon and Terry Kant counterclaimed for declaratory relief to declare and determine their rights and interest in the property. The trial court, without jury, after the conclusion of all the testimony, entered final judgment for Jon and Terry Kant, refused enforcement of the note and mortgage, and dismissed Chaykin's suit with prejudice, specifically finding that the defendants had proved their defenses. It is from this final judgment that Chaykin appeals, contending that defendants' evidence was not sufficient to overcome the established validity of the mortgage and note and further that the defendants were estopped to attack the validity of the mortgage and note.
The record reflects that there was substantial competent evidence to support the findings and judgment of the trial court. On appeal, an appellate court does not weigh the evidence, for that is the primary function of the trial judge. Light v. King, Fla.App. 1965, 179 So.2d 398; Bosem v. Bosem, Fla.App. 1972, 269 So.2d 758, 761.
We do not agree with Chaykin's contention that since the trial court found in its final judgment that the plaintiff had proved by competent evidence that there was a conspiracy between Samuel J. Kant and Chaykin, the plaintiff, Kant cannot be considered an innocent party and, therefore, Jon and Terry Kant are estopped to assert the invalidity of the mortgage and note. Chaykin, Samuel J. Kant and defendants, Jon and Terry Kant, were, in this case, in pari delicto. Chaykin, the plaintiff, was the party seeking foreclosure of the mortgage and possession of the home and, therefore, the court was correct in not aiding Chaykin by enforcing the mortgage but instead leaving Chaykin *795 where he placed himself and dismissing his suit. Burton v. McMillan, 1907, 52 Fla. 228, 42 So. 879; Chesser v. Chesser, 1914, 67 Fla. 6, 64 So. 357.
Affirmed.