COWART, Judge.
This case involves creditor’s rights and remedies; specifically, the right of a judgment creditor to have equitable execution on the judgment debtor’s equitable interest in property.
There is substantial competent evidence[1] to support the trial court’s finding that the judgment debtor had the right under a written marital property settlement agreement to require an ex-wife to sell a residence legally titled in the ex-wife’s name and to divide the net sale proceeds equally between the ex-wife and the judgment debtor.
The trial court correctly construed the property settlement agreement to recognize, or to create, in the judgment debtor an equitable title as to a one-half interest in the residence.[2]
At the instance of a judgment creditor in a supplementary proceeding, in which the judgment debtor’s ex-wife was interpleaded and given due process opportunity to defend, the trial court had equity *209 jurisdiction, in the nature of a creditor’s bill in equity,[3] to cause an equitable execution on the judgment debtor’s equitable interest in the residence by enforcing the judgment debtor’s rights under the property settlement agreement, ordering a sale of the residence and ordering the application of the judgment debtor’s share of the sale proceeds to be applied to payment of the judgment debt. See generally, Puzzo v. Ray, 386 So.2d 49 (Fla. 4th DCA 1980), review denied 392 So.2d 1378 (Fla.1980); General Guaranty Insurance Company v. DaCosta, 190 So.2d 211 (Fla. 3d DCA 1966). See also Continental Cigar Corp. v. Edelman & Co., Inc., 397 So.2d 957 (Fla. 3d DCA 1981); 13 Fla.Jur.2d, Creditor’s Rights and Remedies §§ 280 et seq.
The judgment below is
AFFIRMED.
COBB, C.J., and DAUKSCH, J., concur.

. The property settlement agreement dated September 2, 1981, provided in part: "The parties agree that the wife shall immediately make arrangements to sell the residence described above. Upon such sale, and after payment of any and all obligations remaining on said residence, the parties shall divide the proceeds of the sale, fifty per cent (50%) to each.”

. See generally George E. Sebring Co. v. O'Rourke, 101 Fla. 885, 134 So. 556 (1931); Cain and Bultman, Inc. v. Miss Sam, Inc., 409 So.2d 114 (Fla. 5th DCA 1982).

. See, e.g., Tomayko v. Thomas, 143 So.2d 227 (Fla. 3d DCA 1962).