**156**

In re Judith JOY, C.A., Debtor.

**CONSOLIDATED BANK, N.A., Plaintiff,**

v.

**William ROEMELMEYER, Trustee, Jorge R. Orta, Ortelio Marcelo and Lakeside Green Patio Homeowners Association, Defendants.**

Bankruptcy No. 84–02172–BKC–SMW.
Adv. No. 87–0407–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

Jan. 12, 1988.

Steven H. Friedman, Miami, Fla., for trustee.

Louis Phillips, Miami, Fla., for defendant Marcelo.

David Softness, Miami, Fla., for creditor.

## FINDINGS OF FACTS AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court upon a complaint to Determine the Validity, Priority and Extent of Liens in Real Property, against defendants, William Roemelmeyer, Trustee ("trustee"), Jorge Orta, Ortelio Marcelo, and Lakeside Green Patio Homeowners Association, Inc., ("Lakeside"), pursuant to 11 U.S.C. § 548(c) and Bankruptcy Rules 7001(2) and (9). The Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel and being otherwise fully advised in the premises does hereby make the following Findings of Fact and Conclusions of Law:

This involuntary Chapter 7 case was commenced by Consolidated (the "creditor") against Judith Joy (the "debtor") on November 14, 1984. No answer or responsive pleading was filed by the debtor, and on January 3, 1985, this Court entered its Order for Relief.

Prior to the filing of the involuntary petition the debtor transferred and sold by warranty deed for $65,000.00 certain real property to Jorge Orta, as trustee for Ortelio Marcelo (the "purchasers"). The purchasers recorded the warranty deed March 9, 1984. Thereafter, on May 29, 1984 the creditor obtained a final judgment against the debtor in the amount of $714,929.94. The judgment was subsequently recorded on July 20, 1984 and a corrected final judgment was recorded on September 18, 1984.

In December, 1985, the trustee filed an adversary proceeding against the purchasers pursuant to 11 U.S.C. § 548(a)(2) to set aside the transfer of the real property as a fraudulent conveyance. At trial, the trustee and the purchasers announced a proposed settlement in which they agreed that title to the property would be conveyed to

the trustee and the purchasers would receive a replacement lien pursuant to 11 U.S.C. § 548(c) for the full amount of the purchase price and any other additional sums proven to have been expended by the purchasers for permanent improvements. Thereafter, a hearing was held to consider the proposed settlement of the adversary proceeding wherein the creditor objected to the settlement. Over the objection of the creditor, the proposed settlement of the adversary proceeding was approved by Order of this Court dated March 4, 1986 (the "March order"). The creditor did not appeal the Order Approving Stipulation for Settlement and Dismissing Adversary Proceeding.

The creditor initiated the instant adversary proceeding seeking a determination that the July 20, 1984, recording of the state court judgment created a priority lien in its favor against the real property of this estate superior to the trustee's interest and the purchasers' replacement lien. Lakeside failed to plead or otherwise appear in this adversary proceeding, and by virtue of said failure, any lien or interest asserted by Lakeside is deemed null and void and of no effect.

Citing a Florida Supreme Court case, the creditor argues that the attachment of a judgment lien after a fraudulent conveyance has priority over any other liens attaching subsequent to the fraudulent conveyance. *Sebring Co. v. O'Rourke*, 101 Fla. 885, 134 So. 556 (1931). The *Sebring* court held that "the legal title to property involved in a fraudulent conveyance, so far as the judgment creditor is concerned, may never pass from the grantor...." 134 So. at 559 (the "relation back rule"). The creditor argues that if title never passed from the debtor to the purchasers because the transfer was a fraudulent conveyance, then the creditor's judgment lien has priority over the trustee's interest and the purchasers' replacement lien.

This argument is flawed because it assumes that a fraudulent transfer has occurred in this case. To the contrary, this Court approved a stipulation in the March order which stated that the trustee en-

dorsed the settlement agreement "on the supposition that Messrs. Boscan and Marcelo, together with other witnesses knowledgeable of the transaction, were to testify at trial, the trustee would have great difficulty meeting his burden of proof that the $65,000.00 payment made by Defendant Marcelo was in furtherance of a scheme to defraud the [creditors of the] debtor, and thus in bad faith." Therefore, although the trustee could avoid the transfer for bankruptcy purposes, he could not prove the bad faith necessary to prevent giving a replacement lien to the purchasers.

Additionally, the *Sebring* court included an exception to the relation back rule which provides that a conveyance will not be voided when the party receiving the property from the debtor receives it in good faith and for consideration and at the time of such conveyance to them they had no notice of fraud by the debtor. *Sebring*, 134 So. 556. The creditor introduced no evidence for the Court to find that the purchasers did not purchase the property under the above conditions and in good faith and therefore, the Court finds that the relation back rule is inapplicable to the facts of this case.

Under 11 U.S.C. § 548(a) a trustee may avoid transfers of property that occur on or within one year before the date of the filing of the petition in bankruptcy if the transfer was made by the debtor with an intent to hinder, delay or defraud a creditor or if the transfer was made for less than the reasonably equivalent value for such transfer and made at a time when the debtor was insolvent. However, the trustee's interest in the avoided property may be conditioned—

(c) ... to the extent that a transfer or obligation voidable under section 544, 545, or 547 of this title, a transferee or obligee of such a transfer or obligation that takes for value and in good faith has a lien on or may retain any interest transferred or may enforce any obligation incurred, as the case may be, to the extent that such transferee or obligee gave value to the debtor in exchange for such transfer of obligation.

The purchasers' property interest vested on March 9, 1984 after paying the debtor $65,000.00 for the property and filing the warranty deed in the county records. Subsequently, the purchasers obtained a replacement lien under 11 U.S.C. § 548(c) by virtue of the settlement agreement with the trustee and the March order. The creditor obtained its judgment lien on July 20, 1984, after the transfer of the property by the debtor to the purchasers. Under 11 U.S.C. § 551 a transfer avoided by the trustee under 11 U.S.C. § 548 "... is preserved for the benefit of the estate...." This Court finds that, absent a showing of bad faith or fraud on the purchaser's behalf, the judicial lien acquired by the creditor is subordinate to the replacement lien obtained by the purchasers.

Furthermore, with regard to the trustee's interest in the property, this Court finds that the trustee, by virtue of the 11 U.S.C. § 548(c) avoidance, acquired the interest held by the purchasers in the property and therefore is vested with title to the property free and clear of any lien or encumbrance held by the creditor as of March 9, 1984 the date upon which the purchasers obtained their interest in the property.

In summary, the Court finds that pursuant to 11 U.S.C. § 548(c) the purchasers' $65,000.00 replacement lien, plus such additional sums which are proven to be expended, have priority over the creditor's lien for $714,929.94 and the trustee holds title to the property free and clear of all liens held by Consolidated and subject only to the $65,000.00 lien previously granted in favor of the purchasers pursuant to 11 U.S.C. § 548(c).