In the Matter of Thomas Vincent SULLIVAN d/b/a North Dallas Book Center and Inwood Village Book Shop.

L. E. CREEL, III, Trustee, Appellant,

v.

Francis SULLIVAN, Appellee.

No. 30961.

United States Court of Appeals, Fifth Circuit.

June 21, 1971.

Vernon O. Teofan, Steve A. Unger-man, A. L. Vickers, Ungerman, Hill, Un-german & Angrist, Dallas, Tex., for ap-pellant.

H. Lou Morrison, Jr., Frank Norton, Dallas, Tex., for appellee.

Before AINSWORTH, INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Mrs. Frances Sullivan, appellee, a wid-ow, filed application for reclamation of certain shares of stock held by the trus-tee in bankruptcy of the estate of Thom-as Vincent Sullivan, her son. Much of the evidence was based upon Mrs. Sulli-van's testimony. The referee found that Mrs. Sullivan had two sons, Thomas and John; that she had not seen her son Thomas in ten years; and that she kept the stock in a safe deposit box in New York City. Although the safe deposit box was held under the name of her son John, she had the only key to the box with right of entry. Mrs. Sullivan pur-chased the stock after the death of her husband. She caused half of the shares to be made out to herself and Thomas Vincent Sullivan as joint tenants with right of survivorship and not as tenants in common. The other half she caused to be issued in the form of certificates similarly made out to her other son John and herself. Both sons, at the request of Mrs. Sullivan, endorsed in blank each of the certificates at the time they were acquired. She also endorsed them in blank. Mrs. Sullivan testified that it was not her purpose to make a gift of these shares to her sons, but that she had the certificates issued and en-dorsed as she had done in order that the sons would be able to sell the stock and use the funds to take care of her in the event anything happened to her. She also testified that, beginning about three years prior to his bankruptcy, she per-mitted her son Thomas to receive and retain dividends on the stock issued in his name as joint tenant in view of his financial reverses and need. At no time did he ever gain possession of the stock.

A plenary hearing was held before the referee in bankruptcy, who filed find-ings of fact and conclusions of law sup-porting Mrs. Sullivan's claim, and hold-ing that the trustee of the bankrupt es-tate had no interest in the stock. The referee accepted the testimony of Mrs. Sullivan as true. Upon petition for re-view, the district court affirmed and adopted the referee's findings of fact and conclusions of law.

Another panel of this court held, In re Schoenburg, 279 F.2d 806 (1960), cert. den. 364 U.S. 923, 81 S.Ct. 290, 5 L.Ed. 2d 262, 279 F.2d at page 807:

"Under Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and Bankruptcy General Order 36, 11 U.S.C.A. following section 53, this Court is precluded from interfering with the order of a district court con-firming a fact finding of a referee in bankruptcy unless error is clearly demonstrated. Langham, Langston & Burnett v. Blanchard, 5 Cir., 1957, 246 F.2d 529; Porterfield v. Gerstel, 5 Cir., 1957, 249 F.2d 634; United States v. Munro-Van Helms Co., 5 Cir., 1957, 243 F.2d 10. As regards the first ap-peal here discussed there has been a failure to show any error and the order appealed from must be affirmed."

We find no error in the actions of the referee or the district court. Evidence to support Mrs. Sullivan's donative intent was lacking. Her testimony negativing donative intent was accepted. There was no delivery of the stock, actual or constructive.

The judgment of the district court is affirmed.