449 F.2d 284
 In the Matter of Frank William SOUDER, Jr., Bankrupt (Two Cases).
Francis D. O'CONNOR, Trustee, Appellant,
v.
Trudy TAPPAN et al., Appellees.
James E. MOORE, Jr., and Sally H. Moore, Appellants,
v.
Francis D. O'CONNOR, Trustee, Appellee.
 Nos. 71-1160, 71-1710 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Sept. 24, 1971.
 
 Harry G. Carratt, Ft. Lauderdale, Fla., Morgan, Carratt & O'Connor, Fort Lauderdale, Fla., for Francis D. O'Connor, Trustee, appellant.
 Feibelman, Friedman, Britton & Stettin, Ft. Lauderdale, Fla., John L. Britton, Atty., Miami, Fla., Carl V. Wisner, Jr., Ft. Lauderdale, Fla., for appellees.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 LEWIS R. MORGAN, Circuit Judge.
 
 
 1
 This case comes to us on two separate appeals from the Southern District of Florida. The first concerns whether the Referee in Bankruptcy and the United States District Judge were correct in holding that the appellants, James E. Moore, Jr., and Sally H. Moore, did not acquire any lien as against the trustee when the appellants filed their suit against the bankrupt in the Circuit Court of Broward County, Florida.
 
 
 2
 Under the law of bankruptcy, the Bankruptcy Court must look to state law to determine whether a party has a lien and whether said lien attaches to the property at least four months prior to the institution of bankruptcy proceedings. After a thorough reading and analysis of Florida law, it is our conclusion that a creditor must first obtain a judgment for this indebtedness as against the bankrupt prior to instituting an equitable proceeding to enforce the judgment. Therefore, a suit filed by a creditor to set aside a fraudulent conveyance can only be maintained by a creditor following an entry of a judgment in his favor; and if a suit cannot be maintained by a creditor prior to the entry of judgment, then there could have been no lien existing in favor of a creditor. George E. Sebring Co., Inc. v. O'Rourke, 101 Fla. 885, 134 So. 556 (1931). This particular case had only reached the point where summary judgment was entered on Count One on June 11, 1968, for the sum of $87,612.00 on the alleged indebtedness. So, we are concerned now with Count Two of the complaint. It is our opinion that Count Two constitutes a suit to set aside alleged fraudulent conveyance of the real estate from the bankrupt to Richard and Stephanie Dirks, and does not constitute a true creditor's bill as contended by the Moores. Therefore, Count Two does not come under the provisions of Chapter 68.05, Florida Statutes, 1967, F.S.A., as being a creditor's bill.
 
 
 3
 As to this appeal, the decision of the United States District Court for the Southern District of Florida is affirmed.
 
 
 4
 The second appeal is brought by the trustee, contending that the Referee in Bankruptcy erred in holding that the appellee, Tappan, had a valid lien against the sum of $10,000, which was on deposit with the Court of Broward County, Florida. The Referee held that this lien was superior to the rights of the trustee and directed the trustee to deliver the sum of $10,000 to the appellee, Tappan. The United States District Court affirmed the Referee in Bankruptcy on a Petition for Review.
 
 
 5
 The Court has studied the record and the briefs in this case and concludes that there is sufficient evidence to support the Findings of Fact entered by the Referee in Bankruptcy. It is the trustee's burden to overcome the validity of said finding by demonstrating to this Court that it was clearly erroneous. These findings come to this Court clothed with the presumption of correctness. The Referee had ample opportunity to listen to the testimony of the witnesses and to observe personally the bankrupt and the appellee, Tappan. He had ample opportunity to judge the credibility of all the witnesses. After listening to their testimony and observing their demeanor on the stand, the Referee found as a matter of fact that Tappan had advanced to the bankrupt the monies secured by her mortgage. This Court will not succumb to the wish of the trustee that this case be tried de novo at an appellate level.[1]
 
 
 6
 The findings of the Referee in Bankruptcy were supported by the evidence and, therefore, should not be set aside, even though we may have reached a different result if we had been sitting as the finder of fact.
 
 
 7
 The trustee then contends that even if appellee Tappan had a valid lien this lien was voidable under Sections 60, 67 and 70 of the Bankruptcy Act. The Court observes that in order for there to be a preferential transfer under Section 60 of the Act, the transfer must be made within four months of the filing of a petition in bankruptcy. It is prima facie that the mortgage given by appellee Tappan almost ten months prior to the filing of the bankruptcy petition does not fall within the four-months preference period. The fact that the transfer of this lien to the proceeds of the sale of the property occurred within four months to the filing of the petition does not constitute a preference. In effect, this was substitution of new security, namely, the funds in the Registry of the Court as security for an old loan. No diminution of the bankrupt's estate occurred, so no preference resulted. The trustee has not brought to our attention any facts which would bring the transaction against the bankrupt and the appellee Tappan within the purview of Sections 67 or 70(e).
 
 
 8
 Consequently, it is our finding that the orders of the Referee in Bankruptcy, as affirmed by the United States District Judge, was supported by competent evidence, and the same are hereby affirmed.
 
 
 9
 Affirmed.
 
 
 10
 CLARK, Circuit Judge (concurring in part and dissenting in part).
 
 
 11
 I concur in the entirety of the majority's opinion in Cause No. 71-1160 involving the rights of the Trustee in Bankruptcy vis-a-vis the appellee, Trudy Tappan. I further concur in that portion of the majority opinion relating to the appeal of James E. Moore, Jr., et ux, in Cause No. 71-1710, which construes Florida law to require a creditor to obtain a judgment against his debtor prior to acquiring the right to maintain a valid suit in equity to set aside a conveyance by the debtor of his property as fraudulent.
 
 
 12
 The record before us, including the findings of the Referee in Bankruptcy which were adopted in haec verba by the court, disclose the following chronology:
 
 
 13
 May 5, 1966-the bankrupt executed a promissory note to the Moores for a principal amount in excess of 80,000 dollars.
 
 
 14
 February 1, 1968-the bankrupt transferred his residence to his sister and brother-in-law.
 
 
 15
 February 28, 1968-the Moores filed an action at law against the bankrupt. Only two of the four counts of that action are pertinent. Count I sought judgment on the promissory note; Count II alleged that the bankrupt's conveyance of his home was a fraudulent transfer. Concurrently with the filing of this action the Moores recorded a lis pendens notice under Section 48.23, Florida Statutes Annotated.[1]
 
 
 16
 June 11, 1968-the court in which the litigation was filed entered judgment against the bankrupt on the promissory note count for the sum of 87,612 dollars.
 
 
 17
 July 3, 1968-the debtor's petition in bankruptcy was filed in the court below.
 
 
 18
 Granting that a substantial question exists under Florida law as to the efficacy of a lis pendens notice filed by a creditor who has not obtained a judgment, I find no indication in Florida law that the lis pendens notice filed by the Moores did not become fully effective and binding as to innocent purchasers for value, without notice, on June 11, 1968, when judgment was entered on the note count of the suit which sought to set aside the sale of the bankrupt's home. The problem for me is that there has been no finding or adjudication that on June 11, 1968, when the Moores did become entitled to maintain a suit to challenge the bankrupt's conveyance of his home as fraudulent, that the bankrupt was then insolvent or that the filing of the lis pendens was fraudulent or collusive. In the absence of such findings I do not believe that Section 67 of the Bankruptcy Act in any way invalidates the normal operation of Florida law merely because the petition in bankruptcy was filed within four months thereafter. See 4 Collier on Bankruptcy. p 67.03 at pp. 66 & 67, and p 67.05 at pp. 98-103.
 
 
 19
 Although the powers acquired by the trustee in bankruptcy under Section 70 are extensive and broad, I know of no authority for holding that his rights prime those established by a valid lis pendens notice.
 
 
 20
 While I fully concur in the affirmance of the judgment in Cause No. 71-1160, I respectfully dissent from the failure of the court to remand Cause No. 71-1710 for determination by the trustee in bankruptcy as to whether, on June 11, 1968, the bankrupt was insolvent or the lis pendens notice described above was sought or permitted in fraud of the provisions of the Bankruptcy Act.
 
 
 
 *
 Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I
 
 
 [1]
 The attention of counsel is called to the most recent opinion by this Circuit on the application of the clearly erroneous rule. Sullivan d/b/a North Dallas Book Center and Inwood Village Book Shop, L. E. Creel, III, Trustee v. Sullivan, 445 F.2d 265 [5 Cir., June 21, 1971]
 
 
 [1]
 In pertinent part, the statute provides:
 (1) (b) The filing for record of such notice of lis pendens shall constitute a bar to the enforcement against the property described in said notice of lis pendens of all liens including but not limited to federal tax liens and levies, unrecorded at the time of filing for record such notice of lis pendens unless the holder of any such unrecorded lien shall intervene in such proceedings within twenty days after the filing and recording of said notice of lis pendens, and if the holder of any such unrecorded lien does not intervene in the proceedings, and if such proceedings are prosecuted to a judicial sale of the property described in said notice of lis pendens, the said property shall be forever discharged from all such unrecorded liens.