**In the Matter of David ROMANO, Debtor.**

**Bankruptcy No. 81–1646.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

July 19, 1985.

Albert Lima, Langfred White, Tampa, Fla., for debtor.

John Mueller, Tampa, Fla., for Marta Romano.

## ORDER ON OBJECTION TO CLAIM

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is an objection to the claim of Charles F. Clark (Clark) filed by David Romano, the Debtor. Clark filed his claim as secured and the Debtor objected to the allowance of the claim on two grounds. First, the Debtor contends that the claim is not a secured claim; second, the debtor objects to the allowance of any post-petition interest on the claim. The facts relevant to a resolution of the conflict under consideration, and which are basically without dispute, can be summarized as follows:

Prior to the commencement of this case the Debtor and his former spouse were involved in a lengthy, hotly contested, dissolution of marriage proceeding. Clark, an attorney, represented the Debtor's spouse

in the dissolution proceeding. Pursuant to four state court judgments, the Debtor was ordered to pay Clark's legal fees. The judgments relevant to the present controversy and their amounts are as follows:

A. Final Judgment of November 10, 1980—$31,984.92

B. Final Judgment of January 26, 1981—$3,500

C. Final Judgment of April 6, 1981—$100

D. Final Judgment of May 6, 1981—$300

It is without dispute that the certified copies of the November 1980 and January 1981 judgments were recorded on the public records of Hillsborough County, Florida and uncertified copies of the April 1981 and May 1981 judgments were also recorded.

It further appears that prior to the recordation of any of the four judgments, the Debtor transferred his interest in two parcels of property located in Hillsborough County to his present in-laws, Mr. and Mrs. Testerman. These properties, commonly referred to as the Bayway Place and Morris Bridge Road property, respectively, represented all of the Debtor's non-exempt land holdings in Hillsborough County. This Court has previously considered this transfer by the Debtor to the Testermans in a related adversary proceeding and has determined that the transfer was a voidable fraudulent transfer.

It is important to note that this case was originally commenced under Chapter 7 of the Bankruptcy Code and was later converted to Chapter 11. While still a Chapter 7 case, this Court denied the Debtor's right to a discharge based on the transfer of his interest in the properties described above which was found by this Court to have been a fraudulent transfer. Thereafter, the Trustee filed the adversary proceeding and sought to set aside the transfer. After the case was converted by the Debtor to a Chapter 11, the adversary proceeding was settled and the property was reconveyed by the Testermans to the estate. The final judgment entered by this Court approving the settlement ordered that the "deeds hav-

ing been recorded, between David Romano as grantor and Glen A. and Mary D. Testerman as grantees.... be and they are hereby declared avoided, and the transfers reflected therein are cancelled, nullified and avoided."

The Debtor claims that because the April 1981 and the May 1981 judgments were not certified when recorded they do not create a lien on the real properties involved in this controversy. Under Florida law the recordation of a certified copy of a final judgment imposes a lien on all real property owned by the judgment debtor in the county where the judgment is recorded. § 55.-10 F.S. (1980). Inasmuch as the April 1981 and May 1981 judgments were not certified when recorded, the recordation did not create a lien on the real properties of the Debtor and to that extent the claim is unsecured.

With regard to the November 1980 and January 1981 judgments, the Debtor also contends that the recordation of certified copies of these judgments failed to create a lien on the Morris Bridge Road or Bayway Place property because at the time of the recordation, the record titles to the properties were held by the Testermans and not by the judgment debtor. It is the contention of the Debtor that the fact that the properties were subsequently reconveyed is without legal significance, simply because it was conveyed to the Debtor's estate rather than to the Debtor. Thus, the recordation failed to effectively create a lien on the subject property according to the Debtor.

■■ Under Florida law the legal title to fraudulently transferred property never passes from the transferor. *George E. Sebring v. O'Rourke*, 101 Fla. 885, 134 So. 556 (1931). Therefore, contrary to the Debtor's position, although record title was in the name of the Testermans, at the time the judgments in question were recorded, legal title remained at all times with the Debtor subject to all valid liens which might have attached to the properties.

The Debtor also claims that under Florida law a fraudulent transfer is not void ab initio but rather only voidable at the instance of the creditor who must file a suit to set aside the transfer, *citing*, 13 Fla.Jur.2d *Creditors' Rights*, § 215 (1979). While this Court recognizes that a fraudulent transfer is voidable rather than void, this Court's prior determination that the transfers were fraudulent, clearly relieved Clark of necessity of filing a separate law suit to set aside the transfer. This Court finds no support for the proposition urged by the Debtor according to which such pointless litigation was required to undertake in order to establish a legal proposition, one which already has been determined with finality.

Having determined that the Debtor did have an interest in the property, that the transfer to the Testermans was fraudulent and that Clark is not required to file a separate law suit it is clear that the claim filed by Clark is secured to the extent that it is based on the recordation of the April 1981 and May 1981 judgments.

Lastly, the Debtor objects to the allowance of post-petition interest on the claim. Section 506(b) of the Bankruptcy Code would appear, however, to authorize post-petition interest in this case on that portion of the claim which is secured. Section 506(b) reads as follows:

§ 506. Determination of Secured Status

(a) x x x

(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

(c) x x x

(d) x x x

This Court has previously approved the sale of the Bayway Place property for $245,000. In addition, based upon evidence presented at the hearing on the Objection to Plan of Reorganization, this Court found that the Debtor's net share of the proceeds from this sale would be $90,000. (See Order on Objection to Plan of Reorganization, Second Amendment to Plan of Reorganization). Clearly, the Debtor's interest in this parcel of property alone is sufficient to satisfy the requirements of § 506(b). Therefore, to the extent that the claim has previously been determined to be secured, interest shall be allowed on the secured portion of the claim. Pursuant to § 55.03 F.S. (1980), the rate of interest on unsatisfied judgments is 10% per annum. The allowed secured claim shall, therefore, continue to accrue interest at the rate of 10% per annum until satisfied. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to Claim of Charles Clark filed by the Debtor, David Romano, be, and the same hereby is, sustained in part and overruled in part. Claim Number 23 filed by Charles F. Clark be, and the same hereby is, allowed as secured to the extent it is based upon the Final Judgments of the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida entered on November 10, 1980 and February 18, 1982 respectively. It is further

ORDERED, ADJUDGED AND DECREED that the interest on the above described secured claim shall accrue post-petition at the rate of 10% per annum. It is further

ORDERED, ADJUDGED AND DECREED that Claim No. 23 filed by Charles F. Clark be, and the same hereby is, allowed as an unsecured claim to the extent it is based upon the Final Judgments of the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida entered on May 6, 1981 and April 6, 1981, respectively.