In re AMTRON, INC., Debtor.

Bankruptcy No. 90–00871.

United States Bankruptcy Court, D.S.C.

Nov. 9, 1995.

Michael H. Conrady, Mt. Pleasant, SC, for trustee.

Steven M. Webster, Trial Attorney, Tax Division, U.S. Dept. of Justice, Washington, DC, for creditor.

### ORDER AND OPINION

WM. THURMOND BISHOP, Bankruptcy Judge.

This matter is before the Court on the Government's motion to reconsider the earlier decision of the Court with respect to the claim for internal revenue taxes, in which this Court held that Amtron's patents, which the Trustee had recovered through a fraudulent conveyance action, were not subject to a valid prepetition federal tax lien. The basis for the motion is that this Court's decision that the tax lien was unsecured was incorrect as a matter of law. For the reasons stated below, the claim of the Internal Revenue Service is secured in the patent rights.

### FACTS

Amtron, Inc. assigned rights to four patents to two third parties on August 22, 1986 and September 8, 1986. Amtron filed its bankruptcy petition on March 5, 1990. On April 18, 1991, the Trustee filed a fraudulent transfer adversary proceeding against the third parties, which was settled with the Trustee obtaining title to Amtron's patent rights.

Prior to the bankruptcy but subsequent to the assignment of the patents, Amtron failed to fully pay its federal payroll tax liability of approximately $39,000 for the third quarter of 1988. Notices of federal tax lien were filed in Berkeley County on April 18, 1989 and in Charleston County on March 3, 1989. It is undisputed that the tax lien notices were filed in the proper county.[1] The United States, through the Internal Revenue Service, filed a proof of claim for the payroll taxes for $46,717.60.

### DISCUSSION

The issue is whether the federal tax lien attached to the patent rights when the

---

1. In South Carolina, federal tax lien notices are required to be filed in the county "within which the property subject to such lien is situated." S.C. § 12–57–30 (1976).

lien notices were filed in 1989 even though the fraudulent transfers occurred in 1986. The failure of a taxpayer to pay federal taxes gives rise to a tax lien in favor of the United States upon "all property and rights to property" belonging to the taxpayer at the time of assessment. *See* 26 U.S.C. § 6322. The federal tax lien becomes secured for priority purposes at the time the lien notice is filed. 26 U.S.C. § 6323(a). A federal tax lien is effective against intangible property. *See United States v. Eiland,* 223 F.2d 118 (4th Cir.1955).

■ The United States contends that the assignment by Amtron was void and therefore the tax lien attaches to the patents. Under South Carolina law, S.C.Code § 27–23–10, fraudulent transfers and conveyances are void and of no effect.[2] If Amtron's assignments during 1986 were void and of no effect, then the federal tax lien would attach the patents. The Trustee by implication contends that the "void" language simply means that the conveyance was voidable. The words "void" and "voidable" are defined in *Black's Law Dictionary* 1573–1574 (6th Ed.1990), as follows:

**Void.** Null; ineffectual; nugatory; having no legal force or binding effect; unable in law to support the purpose for which it was intended. An instrument or transaction which is wholly ineffective, inoperative, and incapable of ratification and which thus has no force or effect so that nothing can cure it. (citations omitted).

**Voidable.** That which may be avoided, or declared void; *not* absolutely void, or void in itself. It imports a valid act which may be avoided rather that an invalid act which may be ratified. (citations omitted) (emphasis added).

South Carolina courts have consistently held that fraudulent conveyances are set aside as void. *See Durham v. Blackard,* 438 S.E.2d 259 (S.C.Ct.App.1993); *First Citizens Bank and Trust Co. v. Scofield,* 335 S.E.2d 248 (S.C.Ct.App.1985); *see also Thomas & How-*

*ard Co., Inc. v. T.W. Graham & Co.,* 457 S.E.2d 340, 343 (S.C.1995) (void judgment is one that is a complete nullity from inception.)

Following a plain reading of S.C.Code § 27–23–10, the transfers were void and of no effect. Therefore, the federal tax lien is secured to the extent the estate assets exceed the amount of the claim for taxes. The few cases on this identical issue support the Government's argument. *In re Romano,* 51 B.R. 813 (Bankr.M.D.Fla.1985) (applying Florida law that legal title to fraudulently transferred property never passes from the transferor); *See also In re Figearo,* 79 B.R. 914 (Bankr.D.Nev.1987) (property recovered by trustee's avoiding powers was subject to creditor's prepetition security interest); *In re Lively,* 74 B.R. 238 (S.D.Ga.1987) (prebankruptcy judgment lien secured against property recovered by trustee's fraudulent conveyance action); *In re Barry,* 31 B.R. 683 (Bankr.S.D.Ohio 1983). In *Romano,* the debtor fraudulently conveyed real property prior to a creditor's filing a judgment lien. Following a fraudulent transfer action in the subsequent bankruptcy, the court held that the judgment creditor's claim was secured in the transferred properties. A factually similar case that is instructive is *In re Watt,* 174 B.R. 942 (Bankr.S.D.Ohio 1994), in which the court held that the tax claim was not secured only because the transferee has sold the property to a bona fide purchaser prior to filing of the tax lien notice. *Id.* at 946. In the instant case, there was a single transfer, not a second transfer to a bona fide purchaser and therefore, the tax lien attached to the patents.

■ Next, the Trustee's fraudulent conveyance action does not cleanse or otherwise void the tax lien that had attached to Amtron's property rights. The trustee's right to maintain such action is by virtue of the "strong arm" provisions of 544(a) of the code and is brought on behalf of an unsecured creditor or bona fide purchaser for value

---

**2.** That section provides in part that "[e]very feoffment, gift, grant, alienation, bargain and conveyance of ... goods and chattels ... which may be had or made to or for any intent or purpose to delay, hinder, or defraud creditors and others of their just and lawful actions, suits, debts, accounts, damages, penalties, and forfeitures shall be deemed and taken ( ) to be *clearly and utterly void, frustrate and of no effect,* any pretense, color, feigned consideration, expressing of use, or any other matter or thing to the contrary notwithstanding." (emphasis added)

from the debtor, and not brought on behalf of the debtor, but once a property comes back into the estate, it is available to marshal among unsecured creditors, *subject first* to the right of payment of secured creditors with perfected liens on the property. Following *In re Watt*, 174 B.R. 942, the tax lien would remain attached unless a bona fide purchaser acquired the property from the original transferee before the tax lien notice was filed, which is not the case here.

The Trustee's argument that the tax lien cannot attach to recovered property is irrelevant because the tax lien had already attached well before the bankruptcy. The tax lien attached to all property of Amtron, regardless of its status or location. The Trustee's contention that Amtron did not have a property interest when the tax lien notice was filed in 1989 obviously conflicts with the fact that the Trustee asserted rights to those patents in this bankruptcy case.

In addition, the Trustee contends that the tax lien cannot be secured because the notice must be filed in a national registry for patents in accordance with 35 U.S.C. § 261. This however, is incorrect because the national filing system provision at Section 6323(f)(5) (26 U.S.C.) provides that the filing of a tax lien notice is governed by Section 6323, not 35 U.S.C. § 261.

The United States also contends that its lien, which attaches to "property and rights to property," attached to the right of Amtron to recover its patents. Inasmuch as an inherent purpose of a fraudulent transfer is to place property beyond the reach of creditors and because a fraudulent transferor may eventually seek to have the property returned, a transferor may have a chose in action to recover such property under state law. However, in light of the discussion above, the Court need not consider this issue.

For the foregoing reasons, the Court overrules the Trustee's objection to the secured tax claim of the United States.

So Ordered.