### In re HOSPITALITY INVESTMENT CORP., Debtor.

**John Hancock Life Insurance Co., MBL Life Assurance Co., Findlay Properties, Inc., Massachusetts Mutual Life Insurance Co., and Safeco Life Insurance Co., Plaintiff,**

v.

**Gerald Jankowski and Kenneth Nathan, Chapter 7 Trustee, Defendant.**

Bankruptcy No. 99–40370–R.

Adversary No. 00–4192.

United States Bankruptcy Court, E.D. Michigan, Southern Division.

Sept. 23, 2002.

Geoffrey L. Silverman, West Bloomfield, MI, Carol Stebbins, Mount Vernon, OH, for debtor.

Vickie Corbitt, Nashville, TN, Gina Baker Hantel, Nashville, TN, Alan C. Hocheiser, Cleveland, OH, Peter A. Jackson, Detroit, MI, Dennis D. Miller, San Francisco, CA, Basil T. Simon, Detroit, MI, for creditors.

Daniel M. Katlein, Detroit, MI, for trustee.

*Opinion Regarding Motions for*
*Summary Judgment*

STEVEN W. RHODES, Chief Judge.

## I.

On March 6, 2000, the plaintiffs filed this adversary proceeding complaint to determine the validity of their asserted lien in funds held by the trustee, Kenneth Nathan. At the initial status conference on April 15, 2002, the Court requested that the parties stipulate to uncontested facts and file motions for summary judgment. The plaintiffs filed such a motion for partial summary judgment and the trustee's response also requested partial summary judgment.

In 1993, the plaintiffs sold six motels to the debtor. The debtor executed promissory notes totaling $9,328,000 and signed security agreements for each of the motels. The plaintiffs were granted a security interest in all present and future "rents, issues, income, revenue, receipts, fees and profits" from the motels.

In February 1998, the debtor defaulted on the notes. In July 1998, the parties entered into a forbearance agreement. During this time, the debtor maintained a checking account at Comerica Bank. In August of 1998, the debtor made four transfers from the Comerica account to Richard Jankowski totaling $650,000. On September 23, 1998, $649,975 of the $650,000 was deposited into a Michigan National Bank savings account titled "Richard M. Jankowski ITF Gerald Jankowski." The remaining $25 was deposited into a Michigan National Bank checking account under the same name.

On January 12, 1999, the debtor filed its chapter 11 petition. On March 8, 1999, $263,251.38 of the $650,000 was transferred to an account of the debtor-in-pos-

session The case was converted to a chapter 7 on August 31, 2001.

The present motions do not address all of the legal issues pertinent to whether the plaintiffs had a properly perfected security interest in the $263,251.38 on the date the bankruptcy was filed. Rather the parties have addressed this single issue—whether the estate's recovery of the $263,251.38 terminated whatever security interest the Plaintiffs might have had in those funds when the case was filed.

## II.

The plaintiffs contend that because they had a pre-petition security interest in the funds when the funds were in the debtor's Comerica operating account, pursuant to M.C.L. § § 440.9315(1)(a), their security interest continued in the funds when they were transferred to Jankowski, and it continued in the portion of the funds that was returned to the debtor's estate post-petition. The plaintiffs assert that the estate's recovery of the funds as a preference did not destroy their security interest.

The trustee contends that Jankowski returned the funds to the estate because the transfer was clearly an avoidable preference. The trustee contends that the plaintiffs do not have a security interest in Chapter 5 recoveries unless the post-petition financing order so provides.

## III.

The parties have not stipulated that the plaintiffs had a properly perfected security interest in the funds when they were in the debtor's Comerica operating account. However, for purposes of this motion, the Court will assume that they did.

The plaintiffs primarily rely on *In re Amtron, Inc.*, 192 B.R. 130 (Bankr.D.S.C. 1995). There, the IRS had a lien on all of the debtor's assets, including patent rights. The debtor transferred the patents and subsequently filed bankruptcy. The trustee avoided the transfer as fraudulent. The IRS argued that its lien continued in the recovered patents. The court agreed, stating:

> [T]he Trustee's fraudulent conveyance action does not cleanse or otherwise void the tax lien that had attached to Amtron's property rights. The trustee's right to maintain [an avoidance] action is by virtue of the "strong arm" provisions of 544(a) of the code and is brought on behalf of an unsecured creditor or bona fide purchaser for value from the debtor, and not brought on behalf of the debtor, but once a property comes back into the estate, it is available to marshal among unsecured creditors, *subject first* to the right of payment of secured creditors with perfected liens on the property. . . .

> The Trustee's argument that the tax lien cannot attach to recovered property is irrelevant because the tax lien had already attached well before the bankruptcy.

*Id.* at 132–33. *See also Official Unsecured Creditors' Comm. v. Northern Trust Co. (In re Ellingsen MacLean Oil, Co.)*, 98 B.R. 284, 291 (Bankr.W.D.Mich.1989) ("[T]o hold that secured parties lose their prepetition lien as to the proceeds of preferential transfers would be contrary to the intent of Congress."); *In re Figearo*, 79 B.R. 914 (Bankr.D.Nev.1987) (Any property recovered by the trustee is subject to the creditor's security interest that existed at the time the debtor transferred the property and continued in the property after the transfer.); *Mitchell v. Rock Hill Nat'l Bank (In re Mid–Atlantic Piping Prods. of Charlotte, Inc.)*, 24 B.R. 314, 325 (Bankr.W.D.N.C.1982) (The creditor's security interest extends to the proceeds of any recovery by the Trustee of inventory which may have been preferentially transferred by the Debtor at any time while the

creditor held a valid security interest in such inventory.).

The trustee primarily relies on *Mellon Bank v. Glick (In re Integrated Testing Prods. Corp.)*, 69 B.R. 901 (D.N.J.1987), in support of his position that the plaintiffs do not have a security interest in the funds. There, Mellon Bank loaned the debtor $600,000. As security for the loan, the debtor granted to Mellon a security interest in all of the debtor's then existing or thereafter acquired accounts, contract rights, inventory, and general intangibles, as well as any proceeds. The debtor filed for Chapter 11, which was subsequently converted to Chapter 7. In the Chapter 7 proceeding, the trustee successfully filed several preference actions against creditors and was able to recover in excess of $50,000.00. Mellon then filed a complaint and sought to obtain the amounts recovered by the trustee in the preference actions, claiming that the amounts recovered were proceeds or general intangibles, and thus subject to the security agreement.

The court assumed that the money paid to the creditors, and later recovered by the trustee, was cash proceeds in which Mellon did have a security interest. The court then framed the issue as whether the security interest extends to those funds recovered by the trustee. Mellon argued that the amounts paid to the other creditors were proceeds in which it had a perfected security interest because the debtor received an intangible in exchange: a right to recover these amounts as a preference if it were to file for bankruptcy. The court rejected Mellon's argument, concluding that the right to bring a preference action belongs to the trustee alone, acting on behalf of all creditors. The court stated,

> [T]o allow [Mellon] to claim these preferences would frustrate the policy of equal treatment of creditors under the Code and would contradict the plain meaning of section 551 of the Bankruptcy Code. Consequently, [Mellon] should not be entitled to the preference proceeds to the detriment of the estate even though the funds originally might have been subject to [Mellon's] security interest.

*Id.* at 905. *See also Lease–A–Fleet v. University Cadillac, Inc. (In re Lease–A–Fleet)*, 152 B.R. 431, 438 (Bankr.E.D.Pa. 1993) (Proceeds of preference action are not subject to creditor's prepetition security interest.); *In re Tek–Aids Indus., Inc.*, 145 B.R. 253, 256 (Bankr.N.D.Ill.1992) (Because the Trustee's right to recover for the preferential transfers did not arise prepetition, the proceeds derived from the preference actions are not subject to the Bank's prepetition security interest.).

The Court concludes that the cases relied upon by the trustee fail to consider the creditor's pre-petition perfected security interest.

In a very well reasoned opinion, the court in *Barber v. McCord Auto Supply, Inc. (In re Pearson Indus., Inc.)*, 178 B.R. 753 (Bankr.C.D.Ill.1995), stated:

> Without question, any property recovered by the trustee as a result of an avoided transfer must be distributed to creditors in their order of priority to the extent the estate has equity in the property recovered. At issue, is whether the collateral, subject to [the creditor's] properly perfected security interest in the hands of [the pawnbroker], was extinguished by the trustee's recovery of the property, or its value under 11 U.S.C. § 550. The resolution of this issue requires interpretation of 11 U.S.C. § 552(a) which provides in relevant part as follows:
>
> (a) [P]roperty acquired by the estate or by the debtor after the commencement of the case is not subject to any lien resulting from any security agree-

ment entered into by the debtor before the commencement of the case. As previously stated, the purpose of 11 U.S.C. § 552(a) is to avoid the postpetition application of an otherwise valid after-acquired property clause in a security agreement. The statute allows the estate to acquire new property with estate assets free of the security interest. Applying § 552(a) to avoid a security interest in property recovered through the trustee's avoiding powers appears to go beyond what the statute was designed to accomplish. In any event, the crucial question is whether the avoidance of a fraudulent transfer under 11 U.S.C. § 548 and recovery of the property under 11 U.S.C. § 550 constitutes an acquisition of property by the estate within the meaning of 11 U.S.C. § 552(a).

This court holds that such an avoidance and recovery of property by the trustee is not equivalent to a postpetition acquisition of property by the estate as contemplated by 11 U.S.C. §§ 552(a) or 541(a)(7).

It is this court's opinion that the estate's interest in the transferred property was acquired upon commencement of the case. 11 U.S.C. § 541(a)(3). The transferee merely held voidable title to the transferred property. *See* 11 U.S.C. § 548(c). The successful exercise of the trustee's avoiding power causes the affected transfer to become void, allowing the trustee to recover the property under 11 U.S.C. § 550. Any property recovered by the trustee was subject to [the creditor's] security interest at the time the debtor transferred the property to [the pawnbroker] and continued in the property after the transfer.

In summary, *where a secured creditor has an independent claim against a third party to recover property trans-ferred by a debtor to the third party, that claim cannot be cut off by a trustee's exercise of the Code's avoiding powers to recover the property and will have priority over a trustee's claim to the property arising out of the exercise of the avoiding powers.* However, where the secured creditor has no independent claim to the property which is subject to the trustee's avoiding powers and could not recover it from the third party, the secured creditor cannot improve its position because of the trustee's exercise of the avoiding powers and assert an additional claim by claiming it from the trustee who recovered it from the third party by exercising the avoiding powers.

*Id.* at 764 (emphasis added). *See also* Young & Bohm, Preferences and Fraudulent Transfers, 787 PLI/Comm 751 (1999):

There is a growing consensus among courts—particularly in the best reasoned decisions—that rejects both the simplistic view that a blanket prepetition security interest automatically attaches to any avoidance recovery, and the equally simplistic view that a prepetition security interest will never attach to avoidance recoveries. According to these courts, a prepetition lien or security interest will attach to an avoidance recovery if, but only if, what is recovered is clearly identifiable as the collateral itself or as the proceeds of prepetition collateral, and if the creditor's security interest would be enforceable against the transferee outside of bankruptcy.

787 PLI/Comm at 886.

The Court adopts the reasoning of the court in *Pearson Indus.* If the plaintiffs had a properly perfected security interest in the funds when they were in the Comerica account, and if the transfer of those funds to Jankowski did not extinguish that security interest, such that the plaintiffs

had an independent right to recover those funds outside of bankruptcy, their security interest continues in the funds even after they were recovered by the trustee in an avoidance action, or by any other method.

Accordingly, the plaintiffs' motion for partial summary judgment is granted. The trustee's request for summary judgment is denied.