In re BROWARD KITCHENS & BATHS, INC., Debtor.

No. 06–14670–JKO.

United States Bankruptcy Court, S.D. Florida, Fort Lauderdale Division.

May 19, 2010.

Eric N. Assouline, Esq., Assouline & Berlowe, P.A., Dania Beach, FL, for creditor Ralph Holden.

John H. Genovese, Esq., Carlos E. Sardi, Esq., Alexandra Blye, Esq., of Genovese Joblove & Battista, P.A., Ft. Lauderdale, FL, for Trustee Marika Tolz.

**Order Sustaining in Part and Overruling in Part Trustee's Objection to Claim # 1 of Creditor Ralph Holden [DE 63]**

JOHN K. OLSON, Bankruptcy Judge.

On October 14, 2009, the Chapter 7 Trustee for Debtor Broward Kitchens & Baths, Inc. (the "Trustee") filed an Objection to Claim # 1 of Creditor Ralph Holden [DE 63]. Holden filed his claim on December 19, 2006, and it is based upon a Broward County Court Final Judgment against the Debtor for $47,450 [DE 25, Ex. A]. The Final Judgment was issued February 6, 2006 and accrued post-judgment interest of $2,658.17 at the time the claim was filed [DE 25, Ex. B]. Holden also claims attorneys' fees and costs for his efforts to execute the Final Judgment [DE 68].

*Background*

The Final Judgment in favor of Holden was to compensate him for costs incurred to successfully defend against litigation brought by the Debtor in early 2004 [DE 74 and 75]. On October 1, 2005, the Debtor (in anticipation of the Final Judgment) allegedly transferred substantially all of its assets to third parties to prevent Holden from recording a judgment lien which would attach to those assets ("the Alleged Fraudulent Transfer") [DE 75]. Holden recorded the Judgment Lien Certificate on May 19, 2006 [DE 25].

The Debtor filed its voluntary Chapter 7 petition on September 21, 2006 [DE 1]. On December 20, 2007, the Trustee filed an adversary complaint against the Debtor and three other defendants seeking to avoid and recover the Alleged Fraudulent Transfer pursuant to § 548(a)(1)(A) and/or (B) and § 550(a). *Marika Tolz v. Broward Custom Kitchens, Inc., et al.*, Adv. No. 07–01892–JKO. The parties settled the claims for $25,000 [DE 74].

On October 14, 2009, the Trustee filed her objection to the secured portion of Holden's claim on the basis that she did not administer the collateral because it was in the possession of the alleged fraudulent transferee when the order for relief was granted [DE 63]. The Trustee also objected to the $10,000 unsecured claim for

attorneys' fees accrued by Holden while attempting to execute the Final Judgment. That objection was based on lack of documentation supporting the unsecured claim.

A hearing on the Trustee's objection was conducted February 16, 2010 and I took the matter under advisement. For the following reasons, the objection is sustained in part and overruled in part. Holden's secured claim in the amount of $47,450 plus post-judgment interest will be disallowed as secured and allowed as a general unsecured claim. Holden's $10,000 general unsecured claim for attorneys' fees will be allowed in the amount of $8,039.43.

### Discussion

The Trustee asserts that Holden's judgment lien failed to attach "because [he] did not record the [judgment lien certificate] until *after* such [fraudulent] transfers had already occurred and the Debtor no longer had an interest in such property." [DE 74], at 1. Accordingly, the Trustee asks me to disallow the $50,108.17 claim as secured and treat it as a general unsecured debt.

■■■ Under Florida Law, Holden became a secured creditor with respect to the Debtor's personal property—other than fixtures, money, negotiable instruments, and mortgages—the moment he filed the Judgment Lien Certificate. Fla. Stat. § 55.202(2). It is well settled under Florida law that "[t]he legal title to property involved in a fraudulent conveyance so far as the judgment creditor is concerned, may never pass from the grantor ..." *George E. Sebring Co. v. O'Rourke*, 101 Fla. 885, 892, 134 So. 556 (1931); *Florida Land Title Co. v. Martinez*, 1995 WL 644217, at *6 (M.D.Fla. Aug.25, 1995) (citing *In re Romano*, 51 B.R. 813, 814 (Bankr.M.D.Fla.1985)). The U.S. Supreme Court has held that a secured creditor shall receive "the same protection it would have outside of bankruptcy." *See*

*Butner v. U.S.*, 440 U.S. 48, 49, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). This protection includes the "state law right to seize and recover property [since] the creditor's lien will attach to after-acquired property recovered by the bankruptcy trustee." *Coleman v. J & B Enterprises (In re Veterans Choice Mortgage)*, 291 B.R. 894, 897 (Bankr.S.D.Ga.2003). But even Holden acknowledges that, under *Romano*, the transfer is voidable rather than void. *See* [DE 75], at 2. The Trustee settled and dismissed the Alleged Fraudulent Transfer adversary proceeding (over Holden's objection) for $25,000 which, although a small settlement in light of the alleged transfer, was reasonable in light of a number of legal and factual defenses raised by the defendants. As such, there has been no determination that the Alleged Fraudulent Transfer was, in fact, fraudulent. The voidable transfer has therefore not been voided.

The Alleged Fraudulent Transfer of substantially all of the Debtor's assets occurred on October 1, 2005, generating $215,000 in proceeds which were used for various purposes. Holden filed the Judgment Lien Certificate on May 19, 2006. The only assets of the Debtor on May 19, 2006 would have been what remained of the $215,000. Because the judgment lien could not have attached to money, *see* Fla. Stat. § 55.202(2), Holden is a completely unsecured creditor. The claim of $47,450 plus post-judgment interest will therefore be disallowed as secured and treated as a general unsecured claim.

■■ Lastly, the issue of whether Holden's $10,000 claim for attorneys' fees should be allowed hinges on whether they were reasonably incurred "in connection with execution" on Holden's judgment. *See* Fla. Stat. § 57.115; *Paz v. Hernandez*, 654 So.2d 1243 (Fla.3d D.C.A.1995). The parties argue about whether Holden's at-

torneys' fees have been incurred "in connection with execution" upon his judgment or in "collateral proceedings," but it is clear to me at least that Holden has been trying to collect on his judgment and nothing more. The Trustee conceded that $8,039.43 of the $10,000 claim is properly documented, and I find that $8,039.43 is reasonable given the difficulty Holden has faced. The $10,000 general unsecured claim will therefore be allowed in the amount of $8,039.43.

It is accordingly ORDERED that:

1. The Trustee's Objection to Claim #1 of Creditor Ralph Holden [DE 63] is SUSTAINED IN PART AND OVERRULED IN PART.

2. Holden's claim of $47,450 plus post-judgment interest of $2,658.17 is disallowed as secured and allowed as a general unsecured claim in the amount of $50,108.17.

3. Holden's $10,000 general unsecured claim for attorneys' fees is allowed in the amount of $8,039.43.